(5 Misc. Rep. 319.)

## BURKE v. BURKE.

(Superior Court of New York City, Special Term. October 23, 1893.)

DIVORCE—INTERVENTION BY CO-RESPONDENT.

Where an action for divorce is contested by defendant in good faith, the corespondent will not be allowed to intervene, and cross-examine the witnesses produced by plaintiff. Clay v. Clay, 21 Hun, 609, distinguished.

Action by Michael Burke against Alice Burke for divorce. The co-respondent applies for leave to intervene. Denied.

W. E. Benjamin, for the motion.
Howe & Hummel, opposed.

McADAM, J. The action is for absolute divorce, and the co-respondent applies for leave to cross-examine the witnesses which may be produced by the plaintiff, as was permitted in Clay v. Clay, 21 Hun, 609. That was an uncontested divorce suit, and the evident purpose of the decision was to prevent imposition on the court, and the legal representative of the co-respondent was practically allowed to act as amicus curiae, as in Stearns v. Stearns, 10 Vt. 540. The English ecclesiastical practice of allowing co-respondents to intervene has not been adopted in this country. 2 Bish. Mar. & Div. (4th Ed.) § 310; Quigley v. Quigley, 45 Hun, 27. The supreme court afterwards announced that the ruling in Clay v. Clay, 21 Hun, 609, went to the very verge of discretionary authority, (Quigley v. Quigley, 45 Hun, 27.) Such a practice cannot be extended. This suit is being contested by the defendant in good faith, a circumstance which takes away the reason for the rule established in the Clay Case, and as a consequence makes it inapplicable. The motion must therefore be denied. The co-respondent may attend the trial, and, if not called, may offer himself as a witness; and, the ground for divorce being adultery, it is not likely that the court will decline to receive any light he may be able to throw on the issues to guide its action. Application denied.